## PITMAN *v.* UNITED STATES.

(*District Court, D. Rhode Island.* February 16, 1891.)

1. COURT—SESSION—ADJOURNMENT.
   Rev. St. U. S. § 583, which provides that, whenever the judge is not present at the "commencement of any regular, adjourned, or special term," the court may be adjourned on his written order, applies to sessions of court held after an adjournment for several days by order of the judge.
2. CLERK OF COURT—FEES.
   The clerk is entitled to his *per diem* for attending court on a day when it is so adjourned.

At Law.

This was a petition for the allowance of the claim of Henry Pitman for fees as clerk of the district and circuit courts for this district. It appeared in evidence that from October 14, 1854, to December 14, 1888, he was clerk of the district court, and from October 14, 1854, to the present time he was clerk of the circuit court; that as such clerk he attended in the circuit court on the following days, when the court was in session and was adjourned under the provisions of Rev. St. § 672, to-wit: February 6 and 8, October 5, 9, 11, 12, 14, 15, 18, and 26, November 2, 4, 5, 6, 13, 27, 29, and 30, December 10, 13, and 17, in 1886; January 6, 8, 14, 24, 25, 27, and 31, February 3, 7, 11, 12, 14, 21, 22, 23, 24, 25, and 26, March 2, 3, 4, 5, 9, 11, 15, 16, 21, 22, 23, 24, April 11, 14, 16, 18, 21, 22, 23, 25, 26, 28, 29, and 30, May 3, 6, 9, 12, 14, 16, 20, June 6, 7, 9, 13, 16, 23, 27, 28, and 30, July 5,

9, 11, and 14, August 8, in 1887; June 25, in 1889; that as such clerk he attended in the district court on the following days when the court was in session and was adjourned under the provisions of Rev. St. § 583: October 6, 19, and 27, November 17, December 1, in 1886; January 5, 12, and 26, April 13, 20, and 27, May 11, June 8, and 29, in 1887,—being in the whole 99 days, and that his claim for his fee for such attendance has been disallowed by the accounting officers of the treasury.

*James M. Ripley*, for petitioner.

The petitioner is entitled to an allowance of $5 for each day's attendance, under the provisions of Rev. St. § 828. The provisions of Rev. St. §§ 583, 672, apply to any day to which the court is adjourned, and at which the judge is not present.

*Rathbone Gardner*, Dist. Atty., for the United States.

The clerk is entitled to his fee "for his attendance on the court while actually in session." In the absence of any further provision, the court could be considered actually in session only when the judge is present. Other statutes, however, make it evident that in the view of congress the courts may be in session in the absence of the judge, (Rev. St. §§ 583, 672;) and appropriations have been made for the payment of clerks for attendance when the court is adjourned under the provisions of these sections, (24 St. at Large, 541.) The question to be determined is whether the words "commencement of any regular, adjourned, or special term [session]" apply to each and every day to which the court has been adjourned during the term. (1) To make them thus applicable takes away their entire significance. They might have been omitted, and the meaning of the statute would have been the same. "If the judge of any district court is unable to attend, * * * the court may be adjourned by virtue of a written order," etc. (2) The phrases "regular term," "special term," and "adjourned term," and "regular, adjourned, and special sessions," are frequently used in the statutes with a meaning peculiar to themselves, and entirely distinct from a mere adjournment from day to day during the term. Rev. St. §§ 578, 579, 581, 586, 661–670, and especially 671, where a session is evidently made to consist of more than a single day. (3) The fact that these phrases are used in a special meaning in sections immediately preceding those sections the interpretation of which we are now considering adds force to the presumption that they were intended to bear that meaning in those sections also.

CARPENTER, J. The problem in this case is to ascertain the meaning of the words "regular, adjourned, or special term." Rev. St. § 583. In literal meaning, and the earliest use of the word, it signifies a definite period of time, during which the court remains in continuous session. There is, however, nothing here implied which will exclude a session consisting of a single day. The term is that session of the court which begins at a time fixed by or under authority of law, and, having proceeded continuously, ends when the business then under consideration is concluded. The statutes provide in what manner special and adjourned terms may be called, giving particular directions as to certain districts, and providing, in general terms, which cover the case of this district, that special terms or sessions may be held at the appointment of the judge. Rev. St. §§ 581, 669. It is contended on behalf of the

United States that the language of these sections, as well as of other sections in which the same words are used, implies a continuous session, at a time separate from the time of the regularly appointed term, and not during the continuance thereof. There is no doubt that the words used in these sections were written in view of such an arrangement of the sessions, because in many, if not in most, cases at the present time, and no doubt in all cases at the time these sections were originally framed, it was the habit of the courts to meet at the time appointed by law, and, having remained in session for a few days, to adjourn to the next succeeding day fixed by law for a regular term, and in like manner to adjourn each special term whenever it became necessary to hold such. The terms or sessions (for there seems to be no distinction made between the two words) were therefore marked off from each other by considerable intervening spaces of time, within which no session of the court was held. At the present time the convenience of litigants and of the public business requires a different arrangement of the sessions of the courts; and in this district it has been found most conducive to the public interest that the courts shall meet at the times fixed by law, and transact such business as may then appear, and thereafter shall hold, by successive adjournments and appointments at short intervals, a substantially continuous session until the next succeeding day for the commencement of a regular term. During the continuance of these sessions the judges have attended in court here whenever their engagements did not take them elsewhere, and on the occasion of their absence, or expected absence, for a time which might be definitely fixed or which was indeterminate by reason of the doubtful exigencies of business elsewhere, they have sometimes, as in this case, made provision for adjournment according to the terms of sections 583 and 672.

The question here raised is whether those sections are inapplicable by reason of the fact the sessions so adjourned by written order consisted of only one day, or by reason of the fact that they were not separated by any considerable interval from the preceding regular term, or by reason of the fact that they were held between the day when a regular session was begun and the day when that session must give place by an adjournment to the next regular session. In answer to this question it is to be observed that the language of the statute is broad enough to include this case. Special sessions are not, in terms, required to be of any particular length, or to be held at any particular time. The time when they are to be held is not mentioned in the provision as to circuit courts, and they are provided to be held " at such time as may be ordered " in the case of district courts; and when the purpose and object of the statute are considered, I think it clearly appears that the provisions of these sections are applicable to the case under consideration. The purpose of those provisions is evidently,—*First*, that the regular and orderly sequence of sessions and of the record thereof shall not be interrupted by the absence of the judge; *secondly*, that counsel, witnesses, and parties who may desire to attend, and court officers whose duty it is to attend, may be notified by an authentic act at what

v.45f.no.3—11

time the session will be resumed.. These are equally important in cases where the sessions are short, frequently interrupted, and frequently resumed, as they are in cases where the sessions are longer, less frequent, and separated by intervals of time longer and more distinct. In the absence, therefore, of any express words of limitation of sections 583 and 672, I am of opinion that they apply to the days in question.

To state my opinion in another form, I think the words "the commencement of any regular, adjourned, or special term," in section 583, and "any regular or adjourned or special session," in section 672, refer to any day at which a court is appointed to sit, whether by regular appointment in the statute, or by adjournment or special appointment by order of the judge, and pursuant to law.

The judgment will therefore be that the petitioner recover his fees for 99 days, at $5 a day, amounting to $495.